UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRYAN DOUGLAS,

    *Plaintiff,*                               CASE NO: 11-15230

*v*.                                           DISTRICT JUDGE THOMAS L. LUDINGTON
                                              MAGISTRATE JUDGE CHARLES E. BINDER

RIVERWALK GRILL, LLC,

    *Defendant.*
_____/

**ORDER AFTER *IN CAMERA* INSPECTION**

        This order is entered under the authority given to this magistrate judge in an order of reference issued by United States District Judge Thomas Ludington pursuant to 28 U.S.C. § 636(b)(1)(A).

        Defendants filed a motion to compel discovery on June 27, 2012. (Doc. 15.) After a hearing held August 2, 2012, other aspects of this motion were granted in part and denied in part (Doc. 21), and the Court ordered the contents of Plaintiff's Facebook account from January 1, 2011, through March 31, 2012, produced for *in camera* inspection in the most cost effective form. The next day Plaintiff's counsel responded, producing the Facebook entries in a series of documents in PDF format attached to e-mails. The attachments total over 250 pages. The Facebook entries have now been reviewed and the matter is ready for decision.

        Plaintiff argues that a request for all Facebook entries for a 15-month period is plainly overbroad. Defendant asserts that the Facebook entries are relevant, particularly to the issues of constructive discharge and mitigation of damages. Defendant argues that "informal" discovery of portions of Plaintiff's Facebook account indicate that he is tolerant of the "n" word and a regular user of this term, thus, in Defendant's view, undercutting Plaintiff's allegations of constructive

discharge. According to Defendant, this "informal" discovery has also revealed that after leaving Defendant's employment, Plaintiff found other work, which he apparently had not previously revealed, and which therefore may impact mitigation of damages.

Under Rule 26(b) of the Federal Rules of Civil Procedure, "the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. However, Rule 26(b) does require a "threshold showing that the requested information is reasonably calculated to lead to the discovery of admissible evidence. Otherwise, the [party] would be allowed to engage in the proverbial fishing expedition, in the hope that there *might* be something of relevance" in the information sought. *Tompkins v. Detroit Metro. Airport,* 278 F.R.D. 387, 388 (E.D. Mich. 2012) (emphasis in original). Therefore, "[d]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

In conducting the *in camera* inspection of literally thousands of entries, I note at the threshold that a majority of the entries bear absolutely no relevance to this case. Many of them were not in fact created by Plaintiff at all, since Facebook allows "friends" to freely comment and "write" entries on other friends' "pages." As a result, I conclude that the only entries which could be considered discoverable are those written by Plaintiff himself. These entries could be in the form of "comments" he made on a status posted by another, or updates to his own "status."

Having these facts in mind, along with the inherent difficulties in proving and defending against allegations of constructive discharge, and, utilizing the standards set forth above, the Court concludes that certain entries may bear relevance to issues of constructive discharge and mitigation of damages.

Accordingly, the motion is **GRANTED IN PART and DENIED IN PART** as follows:

Plaintiff shall produce the following Facebook entries (references are to the e-mail attachment name, and are listed by page and time of entry):

**Part 1**

    Page 19    3:57 pm    comment on a "status"

    Page 33    9:05 pm    comment on a "link"

    Page 38    3:59 pm    update to "status"

    Page 42    2:39 pm    addition to "timeline"

**Part 2**

    Page 5    2:22 pm    update to "status"

    Page 27    1:22 pm    second comment on a "status"

**Part 3**

    Page 3    3:16 pm    comment on his own "status"

    Page 14    1:02 pm    update to "status"

    Page 24    12:47 pm    comment on a "link"

**Part 4**

    Page 19    3:17 pm    comment on a "status"

    Page 22    1:22 am    comment on a "status"

        Page 28        1:24 am        entry on Michael B's "wall"

        Page 32        6:20 pm        comment on a "status"

        Page 34        1:15 am        comment on a "status"

        Page 34        10:10 am        comment on a "status"

        Page 35        6:51 pm        comment on a "status"

        Page 36        12:26 am        update to "status"

**Part 5**

        Page 4        10:28 am        comment on a "status"

Plaintiff shall produce the entries listed above within 14 days of this order. The Facebook entries will be retained for 28 days from the entry of this order, at which time they will be deleted.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

                                              s/ *Charles E. Binder*
                                              CHARLES E. BINDER
Dated: August 24, 2012                          United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, and electronically served on Julie Gafkay, Travis Dafoe and Richard Vary.

Date: August 24, 2012                    By    s/*Jean L. Broucek*
                                                Case Manager to Magistrate Judge Binder

4